**Florence WILSON, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

and

**Washington Hospital Center, Intervenor.**

No. 91–AA–590.

District of Columbia Court of Appeals.

Argued Jan. 5, 1994.
Decided April 28, 1994.

Michael V. Kowalski, Washington, DC, for petitioner.

John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, filed a statement in lieu of brief for respondent. Rosalyn Calbert–Groce, Washington, DC, entered an appearance for respondent.

William S. Sands, Jr., with whom William S. Hopkins, Washington, DC, was on the brief, for intervenor.

Before TERRY, KING and SULLIVAN, Associate Judges.

PER CURIAM:

This matter is before the court on the petition of Florence Wilson ("employee") to review the decision of the Director of the Department of Employment Services ("Director"), denying disability benefits for a claimed job-related injury that occurred on April 21, 1985, while in the employ of Washington Hospital Center ("employer"). On November 10, 1988, a hearing examiner issued a compensation order denying benefits, finding that the employee's disability was not caused by the 1985 injury but was instead due to a flare-up of a 1977 injury. The employee filed an application for review on December 12, 1988, and the Director affirmed the compensation order on April 30, 1991.

On August 30, 1990, while the application for review was pending before the Director, the employee applied, pursuant to D.C.Code § 36–322(b)(2) (1993), for leave to adduce additional evidence. The new evidence consisted of deposition testimony of the treating physician who, according to the employee's interpretation of the testimony, had changed his opinion regarding the cause of the disability. The original diagnosis, relied upon by the hearing examiner, was that the disability suffered by the employee was due to a 1977 injury, not the 1985 injury. The employee contends that the treating physician's later diagnosis is that the disability, rather than being a recurrence of the 1977 injury, was in fact due to the 1985 injury.[1]

---

1. Counsel for the employee represented at oral argument that after the 1989 diagnosis was made by the treating physician, the disability payments the employee had been receiving for the 1977 injury were terminated. Thus, proffered counsel, the employee, although disabled, is not currently

The application for leave to adduce additional evidence was denied in the Director's order of April 30, 1991, which also affirmed the denial of benefits. The employee petitioned this court, seeking review of both the Director's determination that there was substantial evidence to support the compensation order denying benefits and the Director's denial of the application to adduce additional evidence.

The Director denied the application to adduce additional evidence on the ground that it was untimely, holding that such an application must be made prior to one year "after the date of last payment of compensation or at any time prior to one year after rejection of a claim." The language quoted in the Director's order is taken verbatim from D.C.Code § 36–324(a) (1993). The Director, however, did not explain the basis for applying a D.C.Code § 36–324(a) time limit to an application to adduce additional evidence filed pursuant to D.C.Code § 36–322(b)(2).

■ We note that D.C.Code § 36–322(b)(2) itself contains no specific time limit for the filing of a motion to adduce; however, it does specify that the Director shall decide the appeal of the compensation order within forty-five days of the filing of the application of review and that the filing of a motion to adduce tolls the running of that forty-five-day period. In short, D.C.Code § 36–322(b)(2) requires that the motion to adduce be filed before the Director rules on the merits of the claim—it also contains mandatory language ("shall") that the Director's ruling be made within forty-five days. That deadline was, of course, not close to being met in this case since the Director's decision came some twenty-eight months after the filing of the application of review.

We also note that D.C.Code § 36–322(b)(3) (1993) provides that once the Director has ruled upon a petition for review of a compensation order and once appellate court review

of that ruling has been sought, a motion to adduce additional evidence may be filed in this court. The employee did make such a motion; however, a motions panel, with one judge dissenting, denied it.

■ In a supplemental brief requested by the court, the Corporation Counsel, on behalf of the Director, concedes that the Director erred in applying the D.C.Code § 36–324(a) one-year time limit to an application filed pursuant to D.C.Code § 36–322(b)(2). In response to that concession, the employee urges us to remand the case to the Director for reconsideration, taking into account the later diagnosis. On the other hand, both the employer and the Director urge that we decide the case on the record that was before the agency. We decline to follow that suggestion because we cannot say that the Director was justified in rejecting consideration of the additional evidence. We have held that the Director is "obligated by statute to consider whether this proffered evidence was material and whether there were reasonable grounds for the failure to adduce such evidence in the initial hearing." *King v. District of Columbia Dep't of Employment Servs.* 560 A.2d 1067, 1073 (D.C.1989) (quoting D.C.Code § 36–322(b)(2)) (footnote and internal quotations marks omitted). There can be no doubt that the proffered evidence, if true, is material; and we are satisfied that, because of the peculiar circumstances here, there was a reasonable basis for failing to present the evidence in the initial hearing.

■ As a general rule, the decision whether to consider the new evidence is best left in the first instance to the Director. *King, supra,* 560 A.2d at 1073 n. 16; *see Bennett v. District of Columbia Dep't of Employment Servs.,* 629 A.2d 28, 30 (D.C.1993). In this case, however, the employee moved in this court, pursuant to D.C.Code § 36–322(b)(3), to adduce additional evidence.[2] Al-

receiving disability payments for either the 1985 injury because of the treating physician's testimony at the hearing in this case, or the 1977 injury as a result of the same physician's later diagnosis regarding the cause of the disability.

**2.** The applicable portion of the statute provides:

If any party shall apply to the Court for leave to adduce additional evidence and shall show to the satisfaction of the Court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the hearing before the [agency], the Court may order such additional evidence to be taken ... and to be made part of the

though a motions panel denied the motion, we are free as the merits division to consider the motion anew. *Kleinbart v. United States,* 604 A.2d 861, 866–67 (D.C.1992). In light of the delays that have been encountered in this case and the representation that the employee is no longer receiving disability payments for the 1977 injury, due to the apparent change of diagnosis by the treating physician, we think it best under the circumstances to resolve that issue ourselves. Accordingly, since the statutory requirements have been met, as noted above, we grant the motion to adduce additional evidence and remand the case to the Director.

*So ordered.*

record. The Court may remand the case for appropriate action.